IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT ANTHONY STEDEFORD,<br><br>Defendant. | CRIMINAL ACTION<br>NOS. 97-51-3 and 97-659-1 |

# ORDER

**AND NOW,** this 12th day of June 2023, upon consideration of Defendant Scott Anthony Stedeford's Motions to Terminate Supervised Release filed in the two above-captioned criminal cases (Doc. No. 164, Doc. No. 22), the Government's Response in Opposition to Defendant's Motions (Doc. No. 166, Doc. No. 25), and Defendant's Reply to Government's Response in Opposition to Defendant's Motions for Early Termination of Supervised Release (Doc. No. 167, Doc. No. 26), it is **ORDERED** that Defendant's Motions (Doc. No. 164, Doc. No. 22) are **DENIED**[1] in both cases in which they were filed, Criminal Action Nos. 97-51-3 and 97-659-1.

---

[1] In the early 1990's, Defendant Scott Anthony Stedeford was involved in several armed robberies in numerous states. He has served more than twenty-five years in federal custody for the robberies. In three of the robberies he acted as one of the gunmen. He also helped organize several robberies and acted as a getaway driver in others. Defendant was released from custody on August 5, 2021, and began serving a five-year term of supervised release. He now moves to have his supervised release terminated.

Termination of Defendant's supervised release in this case is not warranted under 18 U.S.C §3583(e), which provides as follows:

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)-- **(1)** terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C §3583(e).

It is Defendant's burden, "as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." United States v. Weber, 451 F. 3d 552, 559 n.9 (9th Cir. 2006).

Defendant argues that his supervised release should be terminated because during his supervised release, he has been employed, has no violations, and has engaged in worthwhile community activities. While his conduct is commendable, such conduct does not warrant early termination of supervised release at this time under 18 U.S.C. § 3583(e). The nature and circumstances of the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes by Defendant are paramount considerations here and do not favor terminating the supervised release. Although his current history and characteristics are in his favor, on balance the factors under § 3553(a) do not favor termination at this time. Moreover, it is not in the interest of justice to terminate the supervised release. Thus, the motions (Doc. No. 164, Doc. No. 22) will be denied.